**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SHAWN M. PAGANO,                    )
         Petitioner,                  )
                       )    **C.A. No. 07-140 Erie**
        vs.                          )    **District Judge McLaughlin**
                       )    **Magistrate Judge Baxter**
COMMONWEALTH OF PENNSYLVANIA,        )
         Respondent.                  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

_____It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the Middle District of Pennsylvania.

### II.     REPORT

_____This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated at the State Correctional Institution at Albion in the Western District of Pennsylvania.

In his petition, Petitioner Shawn M. Pagano claims that he was convicted of aggravated assault and related offenses in Bradford County, Pennsylvania, on or about March 23, 2001. He is currently serving a sentence of 10 to 20 years' imprisonment. As grounds for habeas relief, Petitioner challenges the legality of his sentence, claiming that his trial counsel was ineffective and that the sentenced was imposed outside the sentencing guidelines. Title 28 U.S.C. §2241(d) provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer

1

the application to the other district court for hearing and
determination.

28 U.S.C. §2241(d).  See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court

transferred the action on the basis of the magistrate's recommendation which indicated that the

district where the defendant was convicted was the more convenient forum because of the

accessibility of evidence).

In the case at bar, Petitioner was convicted and sentenced in Bradford County,

Pennsylvania.  Petitioner's records are located there.  He is presently incarcerated at the State

Correctional Institution at Albion, within the Western District of Pennsylvania.  Bradford

County is located in the Middle District of Pennsylvania.  This Court finds that the interests of

justice would be better served by transferring this petition to the Middle District of Pennsylvania

wherein all activity in this case occurred.

## III.    CONCLUSION

It is respectfully recommended that the petition for writ of habeas corpus be transferred

to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.

§2241(d).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and

Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from

the date of service to file written objections to this Report and Recommendation.  Any party

opposing the objections shall have seven days from the date of service of objections to respond

thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  June 19, 2007

cc:    The Honorable Sean J. McLaughlin
        United States District Judge

2